**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **3:06 CR 67 AS** |
| | ) | |
| **BARBARA L. HENDERSON** | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 22, 2006, the Defendant Barbara Henderson ("Defendant") pleaded

guilty to Counts three (3) and five (5) of the Indictment, charging the Defendant with

violations of 18 U.S.C. §§ 1344 and 2, bank fraud.  On March 30, 2007, Defendant was

sentenced to a term of 15 months imprisonment on both counts, to be followed by three

(3) years of supervised release.  The sentence was ordered to commence on May 29,

2007.  However, before the federal report date arrived, Defendant was sentenced on April

12, 2007 to four (4) years in state prison based on an unrelated state court conviction.

Defendant was taken into state custody and is currently in a state penitentiary.

Now before this Court is Defendant's *pro se* letter filed on June 25, 2007

requesting that this Court order her federal sentence to run concurrently with her state

sentence, or in the alternative, requesting that the sentence be reduced.  (Docket No. 85).

The Government responded to Defendant's letter on July 26, 2007.  (Docket No. 87).  The

Court has carefully considered the parties positions and now rules as follows.

The Seventh Circuit has previously addressed the issue this Court now confronts.

*See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000).  In *Romandine*, the

Seventh Circuit clearly held "[a] judge cannot make his sentence concurrent to

nonexistent sentences that some other tribunal may or may not impose; thus the sentence is automatically consecutive." *Romandine*, 206 F.3d at 737-38. Furthermore, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Here, this Court was not informed about a pending state sentence, and the Court could not have pronounced the federal sentence to run concurrently with a non-existent state sentence. Furthermore, where this Court did not originally pronounce whether the federal sentence was to run concurrently or consecutively to any other potential sentence, the federal sentence is presumptively consecutive. *Romandine*, 206 F.3d at 738 (citing 18 U.S.C. § 3584(a)). Thus, in accordance with Seventh Circuit precedent, the federal sentence imposed by this Court on March 30, 2007 shall run consecutively with the state sentence imposed on Barbara Henderson on or about April 12, 2007.

Lastly, because Barbara Henderson agreed to waive her right to appeal the sentence on any ground and agreed that she would not contest the sentence or the manner in which it was determined in any post conviction proceedings, she is precluded from using the traditional means of appealing her sentence. Plea Agreement at ¶ 8(d). Therefore, although this Court does not have the authority to now reduce Defendant's sentence under the present circumstances, "the Attorney General could make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence." *Romandine*, 206 F.3d at 738. This is so, because 18 U.S.C. § 3585(a) states that "A sentence to a term

2

of imprisonment commences on the date the defendant is received in custody . . . [a]t the official detention facility at which the sentence is to be served." *See id.*  Thus, Barbara Henderson would need to petition the Attorney General of the United States to designate the Rockville Correctional Facility as the official place of imprisonment for the federal crime; and if granted, she would essentially receive a concurrent sentence because her federal sentence would begin while she was serving her state sentence.  *Id.*

Therefore, Barbara Henderson must serve her federal sentence after her state sentence ends (i.e. consecutively), unless she can persuade the Attorney General to start the federal clock while she is in state custody by designating the state prison as the official place of incarceration for her federal sentence.  Accordingly, Barbara Henderson's *pro se* letter (Docket No. 85) filed on June 25, 2007 requesting that this Court order her federal sentence to run concurrently with her state sentence, or in the alternative, requesting that the sentence be reduced is **DENIED**.

**IT IS SO ORDERED**.

**DATED: July 31, 2007**

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**